UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Anthony Roller                    Civil No. 05-446 (JRT/FLN)

       Plaintiff,

  v.                                        **REPORT AND RECOMMENDATION**

David Copperfield's Disappearing, Inc.,

       Defendant.

_____

Pro Se Plaintiff.
Andre LaMere and R. Lawrence Purdy, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 2, 2005, on Defendant's Motion to Dismiss [#5] and Plaintiff's Motion for Judgment [#13].  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends Defendant's Motion be granted, and that Plaintiff's motion be denied.

## I.  BACKGROUND

Plaintiff Christopher Anthony Roller claims that David Copperfield has been using his godly powers to perform his magic.  See Complaint, p. 1.  Plaintiff asserts one cause of action in his Complaint, that David Copperfield's use of his godly powers constitutes a labor dispute in accordance with Minnesota Statute Section 179.06.  Id.  In his response to Defendant's Motion to Dismiss, Plaintiff states that he is the employer of Mr. Copperfield.  See Plaintiff's Response to Motion for Dismissal, p. 1. Plaintiff also states that a "usurpation of Godly powers" lawsuit can be decided in a United States courtroom.  Id.  In his prayer for relief, Plaintiff asks, inter alia, that Mr.

Copperfield   perform his magic tricks in front of Plaintiff to prove that the magic tricks are performed conventionally.  If Mr. Copperfield cannot satisfactorily prove that Plaintiff's godly powers are not the source of his magic Plaintiff asks to be awarded ten percent of Mr. Copperfield's past and future career earnings.  Id.

Defendant moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of personal jurisdiction pursuant to Rule 12(b)(2)[#5].  Plaintiff moved for summary judgment on the Complaint [#13].  For the reasons that follow, the Court recommends that the action be dismissed for failure to state a claim upon which relief may be granted.

## II.  LEGAL ANALYSIS

### A.      Standard of Review

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of him claim that would entitle him to relief.  Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary

pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal,

a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal

conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when

challenged by motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v.

 Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se*

 complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d

1177, 1183 (8th Cir.1981).

**B.      Plaintiff Has Failed to State a Claim Under Minnesota Statute Section 179.06**

Plaintiff has filed the current action under Minnesota Statute Section 179.06.  See Complaint,

p.1.  Section 179.06 relates to the written notice required when an employee, a representative of

employees, a labor organization or an employer desires to negotiate a new collective bargaining

agreement or to change an existing collective bargaining agreement.  Plaintiff claims in his Response

to Defendant's Motion for Dismissal that he is the employer, not the employee, of Mr. Copperfield

and that it is this relationship that creates a claim under section 179.06.  It is undisputed that Plaintiff

has not now, nor has he ever been, an employee or an employer of Defendant in any capacity.  See

Defendant's Motion to Dismiss, p.1-2.  Plaintiff fails to identify any facts in the instant case that

relate to a labor dispute.

In the present case it appears beyond a doubt that Plaintiff can prove no set of facts in

support of his claim that will entitle him to relief.  Plaintiff's complaint does not allege facts

sufficient to state a claim under section 179.06, because he does not allege that a sufficient

employment relationship exists between the two parties.  Even though a *pro se* complaint is to be

liberally construed, the complaint must still contain specific facts to support its conclusions.  See Kaylor, 661 F.2d at 1183.  In the present case, Plaintiff's complaint does not contain specific facts to support the conclusion that an employment relationship exists between the parties, and hence Plaintiff has failed to state a claim under section 179.06 for which relief may be granted.

> **C.** **Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted Because There Is Not a Valid Cause of Action for "Usurpation of Godly Powers."**

Plaintiff's Response to Defendant's Motion for Dismissal states that Plaintiff believes that a United States Court has jurisdiction over a lawsuit alleging that one party has usurped the godly powers of another party.  However, Plaintiff has failed to cite to an authorizing statute that would allow for such a claim to proceed.  No such cause of action exists in the Federal system, and therefore Plaintiff fails to allege facts sufficient to state a claim as a matter of law.  See Springdale Educ. Ass'n, 133 F.3d at 651.

## III. RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#5] be **GRANTED** and that Plaintiff's Motion for Summary Judgment [#13] be **DENIED.**

DATED: October 12, 2005                    s/ _Franklin L. Noel_____
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 31, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which

objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 31, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.