UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHRISTOPHER ANTHONY ROLLER, | Civil No. 05-446 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDTION OF MAGISTRATE JUDGE** |
| DAVID COPPERFIELD'S DISAPPEARING, INC., | |
| Defendant. | |

---

Christopher Anthony Roller, 13150 Harriet Avenue South #273, Burnsville, MN 55337, plaintiff *pro se*.

Andre J. LaMere and R. Lawrence Purdy, **MASLON EDELMAN BORMAN & BRAND, LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, for defendant.

Plaintiff Christopher Anthony Roller claims that defendant David Copperfield has been wrongfully using plaintiff's godly powers to perform defendant's magic. Plaintiff asserts one cause of action in his complaint, that David Copperfield's use of his plaintiff's godly powers constitutes a labor dispute under Minn. Stat. § 179.06. Plaintiff added in his response to defendant's motion to dismiss the assertion that defendant's use of plaintiff's magic powers also constitutes a wrongful "usurpation of Godly powers."

Defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim, and plaintiff filed a motion for summary judgment. The motions were referred to United States Magistrate Judge Franklin L. Noel. In a Report and Recommendation

dated October 13, 2005, the Magistrate Judge recommended granting defendant's Motion to Dismiss and denying plaintiff's Motion for Judgment.  Plaintiff filed an objection to the Report and Recommendation.

The Court has conducted a *de novo* review of plaintiff's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules plaintiff's objection and adopts the Report and Recommendation of the Magistrate Judge.

Plaintiff's sole "objection" to the report and recommendation seems to be his assertion that the Court should not dismiss his case because he has alleged a claim of fraud.  As an initial matter, plaintiff raised his fraud claim for the first time in his objection to the report and recommendation, and has not sought leave to amend his complaint to add a claim for fraud.  However, even if plaintiff's fraud claim had been included in his complaint, the Court would dismiss the complaint.

Rule 9(b) requires that "[i]n all averments of fraud, or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The Eighth Circuit has interpreted the term "circumstances" of fraud to include the "time, place and contents of false representations, as well as the identity of the person making the false representation, and what was obtained or given up thereby."  *Commercial Prop. v. Quality Inns*, 61 F.3d 639, 644 (8th Cir. 1995).  Therefore, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."  *Id.*; *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997).

Plaintiff's fraud allegations amount to nothing more than mere "conclusory" allegations, and as such, do not satisfy the heightened pleading requirement of Rule 9(b). Therefore, even if plaintiff had included his fraud claim in his complaint, the Court would dismiss that claim.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 32] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 30]. Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss [Docket No. 5] is **GRANTED**, and plaintiff's Motion for Judgment [Docket No. 13] is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   January 20, 2006                           s/ John R. Tunheim      _
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                    United States District Judge